# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMART SOFTWARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> PLANNINGEDGE, LLC, <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

**SMART SOFTWARE'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Smart Software, Inc. ("Smart Software") brings this complaint for patent infringement against Defendant PlanningEdge, LLC ("PlanningEdge"). PlanningEdge has made, used, offered to sell and/or sold software that infringes a patent owned by Smart Software.

## The Parties

1. Plaintiff Smart Software is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and has its principal place of business at Four Hill Road, Belmont, Massachusetts.

2. Smart Software was founded in 1984 in Massachusetts. In the past 30 years, Smart Software has become a leader in providing software for enterprise-wide demand forecasting, demand planning, and inventory optimization solutions.

3. Defendant PlanningEdge, upon information and belief, is a limited liability corporation organized and existing under the laws of the State of Colorado and has its principal place of business at 242 Linden Street, Fort Collins, Colorado.

## Jurisdiction and Venue

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, PlanningEdge is subject to personal jurisdiction in this district because it has committed acts of patent infringement within the Commonwealth of Massachusetts, and because PlanningEdge has sufficient minimum contacts within this district as a result of business conducted within the Commonwealth of Massachusetts.

7. Upon information and belief, PlanningEdge resides in this judicial district for purposes of 28 U.S.C. §§ 1391(c) and 1400(b).

8. Upon information and belief, venue for this infringement action in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b), at least because PlanningEdge resides in this district and has committed acts of infringement in this district.

## The Patent-in-Suit

9. As a result of its years of research and development on forecasting demand and inventory requirements such as safety stocks on items with intermittent demand, Smart Software has been awarded a United States patent on its inventions.

10. On March 20, 2001, the United States Patent and Trademark Office ("PTO") duly and legally issued United States Patent No. 6,205,431 ("the '431 Patent"), entitled "System and Method for Forecasting Intermittent Demand" to Thomas Reed

Willemain and Charles Nelson Smart.  Smart Software is the owner by assignment of the '431 Patent.  A true and accurate copy of the '431 Patent is attached as Exhibit A.

11.     Smart Software's products incorporate the patented technology in the '431 Patent.  For example, Smart Software's SmartForecasts utilizes the patented technology to forecast inventory requirements, such as safety stock and lead time demand.

## Count I
## Direct Infringement of U.S. Patent No. 6,205,431

12.     Smart Software incorporates by reference the above paragraphs of this Complaint, as if set forth fully herein.

13.     PlanningEdge does not have a license to the '431 Patent or permission to use the '431 patented technology.

14.     PlanningEdge has made, used, sold and/or offered to sell software for forecasting inventory requirements, including demand and safety stocks.  Such software products include Demand Manager, Requirements Planner and Pack Lite Inventory Management Suite (collectively "the Accused Products").

15.     In violation of 35 U.S.C. § 271(a), PlanningEdge has directly infringed one or more claims of the '431 Patent by making, using, offering for sale, selling in the United States and/or importing into the United States the Accused Products.

16.     Upon information and belief, PlanningEdge has been aware of the '431 Patent from at least August 4, 2015.

17.     On August 4, 2015, Smart Software notified PlanningEdge of the '431 Patent and Planning Edge's infringing activity.

18.     PlanningEdge's infringement of the '431 Patent is and has been willful.  Upon information and belief, despite knowledge of the '431 Patent, despite an objectively

high likelihood that its actions constituted infringement of the '431 Patent, despite that PlanningEdge knew or should have known of that objective likelihood, PlanningEdge has infringed and will continue to infringe the '431 Patent with reckless disregard of it.

19. As a result of PlanningEdge's infringement of the '431 Patent, Smart Software has suffered and will continue to suffer damages, in an amount yet to be determined, including due to loss of sales, profits, maintenance fees, and potential sales that Smart Software would have made but for PlanningEdge's infringing acts.

## Count II
## Induced Infringement of U.S. Patent No. 6,205,431

20. Smart Software incorporates by reference the above paragraphs of this Complaint, as if set forth fully herein.

21. Upon information and belief, despite knowledge of the patent, PlanningEdge continues to direct its customers to perform acts that would necessarily infringe one or more claims of the '431 Patent.

22. Upon information and belief, PlanningEdge provides training and instructions to its customers to use the Accused Products to forecast inventory requirements. Because the use of the Accused Products for at least forecasting inventory requirements would infringe the '431 Patent, PlanningEdge is instructing its users to perform acts that would necessarily lead to infringement of the '431 Patent.

23. Upon information and belief, PlanningEdge has actual knowledge that its customers have used and continue to use the Accused Products in a manner that would necessarily lead to infringement of the '431 Patent.

24. In violation of 35 U.S.C. § 271(b), PlanningEdge has induced infringement of one or more claims of the '431 Patent. Upon information and belief,

4

PlanningEdge's knowledge of the '431 patent, and PlanningEdge's instructions to its customers to use the Accused Products in a manner that would necessarily infringe the '431 Patent are evidence that PlanningEdge specifically intends its customers to infringe at least one claim of the '431 Patent.

25. As a result of PlanningEdge's induced infringement of the '431 Patent, Smart Software has suffered and will continue to suffer damages, in an amount yet to be determined, including due to loss of sales, profits, maintenance fees, and potential sales that Smart Software would have made but for PlanningEdge's infringing acts.

26. PlanningEdge's induced infringement of the '431 Patent is and has been willful. Upon information and belief, despite PlanningEdge's knowledge of the '431 Patent and its knowledge of its infringing acts, PlanningEdge has taken no steps to discontinue its inducement of infringement of the '431 Patent.

**Prayer for Relief**

WHEREFORE, Smart Software respectfully requests the following relief:

A. A declaration that PlanningEdge has infringed the '431 Patent under 35 U.S.C. § 271, and final judgment incorporating the same;

B. Equitable relief under 35 U.S.C. § 283, including, but not limited to, an injunction that enjoins PlanningEdge and its officers, agents, servants, employees, representatives, successors, and assigns, and all others acting in concert or participation with them, from continued infringement of the '431 Patents;

C. An accounting of all infringing sales and other infringing acts by PlanningEdge;

D. An award of damages sufficient to compensate Smart Software for PlanningEdge's infringement of the '431 Patents, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

E. An order compelling an accounting for infringing acts not presented at trial and an award by the Court of additional damages for such acts;

F. An order finding that PlanningEdge's infringement is willful and/or an order increasing damages under 35 U.S.C. § 284;

G. An order finding that this is an exceptional case under 35 U.S.C. § 285 and awarding relief, including reasonable attorneys' fees, costs, and expenses; and

H. Such other relief as is just and proper.

## Jury Demand

Under Rule 38 of the Rules of Civil Procedure, Smart Software demands a trial by jury of all issues triable to a jury.

Dated: November 12, 2015

Respectfully submitted,

By: /s/ Craig R. Smith
Craig R. Smith (BBO No. 636,723)
**LANDO & ANASTASI, LLP**
Riverfront Office Park
One Main Street – 11th Floor
Cambridge, MA 02142
Tel: (617) 395-7000
Fax: (617)-395-7070
Email: csmith@lalaw.com